**Randall HANDLEY, Executor of the Estate of Nancy Handley, Deceased, and Randall Handley, Individually, Appellees,**

v.

**FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant,**

**and**

**Loren Roiger, Appellee.**

**No. 89–1792.**

Supreme Court of Iowa.

March 20, 1991.

Philip Willson of Smith, Peterson, Beckman & Willson, Council Bluffs, for appellant.

Colin J. McCullough and Erin McCullough of McCullough Law Firm, Sac City, for appellees Handley.

Michael F. Lacey, Jr. of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, for appellee Roiger.

Considered by McGIVERIN, C.J., and LARSON, CARTER, NEUMAN and SNELL, JJ.

McGIVERIN, Chief Justice.

Nancy Handley died from injuries received in an auto accident involving a car driven by her and one driven by defendant Loren Roiger. Plaintiffs, the estate of Nancy Handley and her husband Randall Handley, filed this wrongful death action against Roiger and defendant Farm Bureau Mutual Insurance Company, Handleys' automobile insurer. Plaintiffs' claims against Farm Bureau include a contractual claim for underinsured motorist coverage and a first-party bad faith claim for failure to pay plaintiffs underinsured motorist benefits under two insurance policies issued to plaintiffs by Farm Bureau.

Farm Bureau moved to sever the claims against it for separate trial from the claim against Roiger, *see* Iowa R.Civ.P. 186, and to stay discovery of information from it relating to plaintiffs' bad faith claim. Roiger did not join Farm Bureau's motion to sever and made no similar motion. Farm Bureau's motions were overruled by the district court.

We granted Farm Bureau's application for interlocutory appeal of the district court's ruling on its motions to sever and stay discovery. Iowa R.App.P. 2. We, now, affirm the district court's ruling on Farm Bureau's motion to stay discovery and reverse the severance ruling.

Additional facts will be stated as the issues are considered.

I. *The severance issue.* Farm Bureau moved to sever for separate trial plaintiffs' claims against it from plaintiffs' claim against Roiger, *see* Iowa R.Civ.P. 186, con-

tending that severance is necessary: (1) because the claims against it are premature; and (2) to avoid prejudice.

■ A. *Are the claims against Farm Bureau premature?* Farm Bureau contends that plaintiffs' contract claim for underinsured motorist benefits and their first-party bad faith claim are premature. It says the amount of any damages owed by Roiger to plaintiffs must first be determined before any claim can be brought against Farm Bureau.

We recently discussed a nearly identical situation in *Leuchtenmacher v. Farm Bureau Mutual Insurance Company*, 461 N.W.2d 291 (Iowa 1990). In *Leuchtenmacher*, plaintiff's decedent was killed in an accident with a drunken driver. *Id.* at 292. The estate filed suit against the driver for negligence and the decedent's insurer for underinsured motorist benefits. *Id.* The insurer asserted that the estate could not bring an action against it under its underinsured motorist provisions until there was a determination, through a suit against the negligent driver, of liability and the amount of damages sustained. *Id.* We disagreed, holding that a suit against the negligent driver was not a condition precedent to a claim under the underinsured motorist provisions of the policy. *Id.*

This case presents us with similar framework. Plaintiffs filed suit against both Roiger for negligence and Farm Bureau under the policy provisions for underinsured motorist benefits and for its alleged bad faith failure to pay underinsured motorist benefits to plaintiffs. We find *Leuchtenmacher* controlling as to the timeliness of the underinsured motorist claim; that claim is not premature. We also believe that the bad faith claim is not premature. A judgment by plaintiffs against Roiger is not a condition precedent to bringing the bad faith action. *See generally* Iowa R.Civ.P. 22.

We agree with the district court that plaintiffs' claims against Farm Bureau are not premature.

■ B. *Is severance necessary to avoid prejudice?* Farm Bureau also moved to have the claims against it severed for separate trial from the claim against Roiger on the basis of prejudice. The district court overruled that motion.

Iowa Rule of Civil Procedure 186 provides that, "the court may, ... to avoid prejudice, order a separate trial of any claim...." We have held that refusal to separate issues for trial is a matter of trial court discretion and will be disturbed only if the court abused that discretion. *Briner v. Hyslop*, 337 N.W.2d 858, 870 (Iowa 1983).

Farm Bureau argues that it will be prejudiced by a probable inflated verdict if plaintiffs' claims against Roiger and Farm Bureau are tried together. Farm Bureau contends that prejudice would result from the admissibility of evidence before the jury establishing Roiger's liability insurance and plaintiffs' underinsured motorist benefits. That evidence would be relevant to the underinsured motorist and bad faith claims. *See generally Leuchtenmacher*, 461 N.W.2d at 294–95 (any direct claim against an insurer on a contract dispute necessarily involves introduction of the insurance policy and its terms). Farm Bureau argues that evidence of insurance will incite the jury into an enhanced verdict in the negligence action against Roiger, thereby increasing Farm Bureau's monetary exposure for underinsured motorist benefits.

This court has recognized that evidence of insurance can prejudice defendants by influencing jurors into returning liability verdicts against defendants on insufficient evidence and by causing jurors to bring in larger damage verdicts than they would if they believed the defendant would be required to pay it. *See generally Laguna v. Prouty*, 300 N.W.2d 98, 101 (Iowa 1981).

In this case, evidence of insurance, however, does not have the potential of prejudicing the jury into reaching a liability decision based on insufficient evidence. At an earlier time in this case, plaintiffs moved for partial summary judgment against Roiger, stating that Roiger's negligence was the proximate cause of the collision and Nancy's death. Roiger did not resist plaintiffs' motion and the motion was

granted. Accordingly, Roiger is liable for Nancy Handley's death. Thus, no danger exists that the liability of Roiger in this case will not be supported by the evidence.

It is, however, likely that evidence of insurance will cause the jury to return a larger verdict against Roiger then it would have if it were unaware that insurance existed and the amounts thereof. That potential prejudice can be avoided by severing the claims against Farm Bureau for trial from the claim against Roiger.

In this manner, damages will be determined in a trial against Roiger without evidence of insurance being available to the jury. Following the resolution of the damage issue in the trial against Roiger, plaintiffs' claims against Farm Bureau can be adjudicated. By severing the issues in this manner, damages will be determined free from prejudice caused by evidence of Roiger's liability insurance coverage and plaintiffs' underinsured motorist benefits.

We note that at the trial against Farm Bureau there need not be a redetermination of any damages for plaintiffs' claim against Roiger because Farm Bureau has agreed in argument before this court to be bound by the determination of damages in the trial against Roiger. Further, even if Farm Bureau had not agreed to be bound by any damage determination in the trial against Roiger, it still might be precluded from relitigating the issue. *Cf. Hunter v. City of Des Moines*, 300 N.W.2d 121 (Iowa 1981) (issue preclusion possible even without identical parties).

In sum, we conclude the district court abused its discretion when it refused to sever the claims against Farm Bureau for separate trial from the claim against Roiger.

■ II. *Staying discovery.* The district court ordered discovery of Farm Bureau's files concerning plaintiffs' first-party bad faith claim. Farm Bureau contends that under the authority of Iowa Rule of Civil Procedure 123, concerning protective orders, the court should stay discovery of those files until plaintiffs have established a prima facie case of bad faith. We find no support for this position.

There is no statute or rule requiring that a prima facie case of bad faith need be established before discovery of insurance files is allowed in the present situation. Furthermore, as a practical matter, plaintiffs may need information in the files to assist in establishing their bad faith claim. *See generally* Iowa R.Civ.P. 122(a). Finally, plaintiffs have a present right to prepare all aspects of their case for trial.

We affirm the district court's ruling on the motion to stay discovery and reverse on the severance issue. Costs on appeal shall be taxed one-half to Handleys and one-half to Farm Bureau.

AFFIRMED IN PART AND REVERSED IN PART.