Boyed ("Buck") JORDAN, Plaintiff,

v.

UNION INSURANCE COMPANY, Defendant.

Civ. No. 90–5035.

United States District Court, D. South Dakota, W.D.

July 18, 1991.

---

Frank Wallahan, Wallahan & Eicher, Rapid City, S.D., for plaintiff.

Thomas E. Simmons, Bangs, McCullen, Butler, Foye & Simmons, Rapid City, S.D., for defendant.

## MEMORANDUM OPINION AND ORDER

BATTEY, District Judge.

The case arises out of a denial by defendant Union Insurance Company of permanent medical and disability benefits claimed by plaintiff Boyed Jordan under the worker's compensation insurance policy of plaintiff's former employer. On May 4, 1987, while driving an automobile on a business trip for his employer Dakota Financial Network, plaintiff's automobile struck a black angus cow in the road during hours of darkness. The automobile plaintiff was driving was totally demolished and both of plaintiff's knees were seriously injured as a result of becoming wedged under the dashboard during the collision.

Defendant paid to plaintiff all first aid, medical, surgical, and hospital services due and owing under SDCL 62–4–1, as well as temporary disability benefits, but defendant has denied coverage for permanent medical and disability benefits. Upon denial of permanent benefits by defendant, plaintiff simultaneously filed the instant action as well as a request for a hearing with the South Dakota Department of Labor, Division of Labor and Management (DOL), the state entity having jurisdiction over worker's compensation claims. With respect to the instant action, plaintiff invokes the diversity jurisdiction of this Court and alleges bad faith by the defendant by reason of the denial of plaintiff's claim for permanent medical and disability benefits under the South Dakota worker's compensation statute.

On May 17, 1991, the DOL issued a determination that plaintiff is not entitled to the benefits which plaintiff alleges in this action the defendant has wrongfully refused to pay. On May 23, 1991, defendant filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(b). Plaintiff responded to the motion for summary judgment on June 21, 1991, by requesting a stay of these proceeding pending plaintiff's appeal of the DOL's denial of plaintiff's claim to the state courts. For the reasons set forth below, plaintiff's motion for a stay of these proceedings is denied and the defendant's motion for summary judgment is granted.

## DISCUSSION

An employee aggrieved by a insurer's bad faith failure to pay benefits to which the employee is entitled under the worker's compensation statute may proceed against the insurer by way of an action in tort. *Hollman v. Liberty Mut. Ins. Co.*, 712 F.2d 1259, 1260 (8th Cir.1983).

An action for bad faith compensates an insured for the intentional misconduct of a defendant insurer as distinguished from merely negligent conduct. *Simkins v. Great West Casualty Co.*, 831 F.2d 792, 793 (8th Cir.1987). The conduct of an insurer in denying a claim is deemed intentional and in bad faith where there is (1) an absence of a reasonable basis for denying the benefits of the policy and (2) the insurer acts with knowledge or reckless disregard of the absence of a reasonable basis for denying benefits. *Champion v. United States Fidelity & Guar. Co.*, 399 N.W.2d 320, 324 (S.D.1987).

■■■ Applying this law to the pending motion for summary judgment the Court is mindful that it is obligated to view the facts in a light most favorable to the plaintiff and to allow plaintiff the benefit of all reasonable inferences that may be drawn from the evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). If there is no genuine issue concerning any material fact, summary judgment is appropriate for the reason that it prevents needless and costly litigation and promotes judicial efficiency. *Roberts v. Browning*, 610 F.2d 528, 531 (8th Cir.1979). Resolution of disputes by way of summary judgment is not a "disfavored procedural shortcut," but is "an integral part of the Federal Rules as a whole." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). When a party fails to state a case sufficient to establish that there is a genuine issue for trial on an element essential to that party's claim, summary judgment is appropriate against that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

■■■ An insurance company is entitled, even obligated, to challenge claims which are fairly debatable. *Ulrich v. St. Paul Fire & Marine Ins. Co.*, 912 F.2d 961, 963 (8th Cir.1990). At this point in time, defendant's initial denial of plaintiff's claim is supported by the determination of the DOL that plaintiff is not entitled to permanent medical and disability benefits. Plaintiff has been adjudicated by the state agency of appropriate jurisdiction as not being entitled to the benefits claimed in this action.

Consequently, this Court finds as a matter of law that defendant's denial of plaintiff's claim is not made in the absence of a reasonable basis for doing so.

Plaintiff has moved the Court for a stay of these proceedings based upon plaintiff's expectation that a favorable ruling eventually will be forthcoming from either the South Dakota Circuit Court for the Seventh Judicial Circuit or the Supreme Court. Plaintiff's litigation strategy calls for this Court to stay indefinitely a cause of action for which the Court has determined there is presently no factual basis in order to allow plaintiff the opportunity to litigate elsewhere a claim for which a favorable ruling may never be forthcoming. An insurer's refusal to pay benefits once adjudged not obligated to do so should relieve an insurer from the specter of an immediate, unmeritorious bad faith claim. Accordingly, a stay of these proceedings pending appeal as suggested by plaintiff serves no purpose other than to delay the administration of justice. Accordingly, it is:

ORDERED that plaintiff's motion for stay of the proceedings is DENIED.

IT IS FURTHER ORDERED that the defendant's motion for summary judgment is GRANTED. Plaintiff's complaint is dismissed with prejudice.