Wilbert L. DAVIS, Appellant,

v.

The AETNA CASUALTY & SURETY COMPANY, Appellee.

No. 6–92–085–CV.

Court of Appeals of Texas, Texarkana.

Dec. 22, 1992.

Mark D. Wilson, Houston, for appellant.

Charles W. Hurd, Terriann Trostle, Fulbright & Jaworski, Houston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

OPINION

CORNELIUS, Chief Justice.

Wilbert L. Davis appeals from an adverse summary judgment in his suit against Aetna Casualty & Surety Company for breach of the covenant of good faith and fair dealing. Because we find that

Davis' suit is barred by the statute of limitations, we affirm the judgment.

On September 18, 1984, Davis suffered an injury while working for Allright Parking, Inc. He filed a claim with Aetna, the insurance carrier for Allright, for benefits and medical expenses under the Workers' Compensation Act. On January 7, 1986, Aetna denied Davis' claim. On September 28, 1987, the Industrial Accident Board awarded Davis benefits under the Act. Aetna appealed.

In a deposition taken during preparation for trial of the workers' compensation appeal, Dr. Allen Criswell testified that Davis' injury had aggravated a pre-existing condition and had left Davis totally and permanently disabled. The case subsequently went to trial, and the jury found for Davis. On March 9, 1990, Davis filed this breach of good faith and fair dealing suit against Aetna. *See Aranda v. Insurance Co. of North America*, 748 S.W.2d 210 (Tex.1988).

■ Aetna expressly denied Davis' claim for workers' compensation benefits on January 7, 1986, when it filed its Notice of Controversion of Right to Compensation. Davis did not file this suit until March 9, 1990. Suits of this kind must be filed within two years of the cause of action's accrual. TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986); *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826 (Tex. 1990). The undisputed summary judgment evidence showed that Davis' suit was filed more than two years after Aetna expressly denied his claim, so the trial court granted summary judgment for Aetna on the basis that the suit was barred by limitations.

■ In a suit of this kind the cause of action accrues when the insurer denies coverage. *Murray v. San Jacinto Agency, Inc., supra*. Thus, limitations runs two years after the *denial of coverage*.

Davis seeks to avoid limitations by contending (1) that the discovery rule should apply to his case, and (2) that Aetna committed a new act of bad faith when it continued to deny coverage after knowing of Dr. Criswell's diagnosis as stated in his deposition.

■ Application of the discovery rule is limited to those cases where there has been no outright denial of the plaintiff's claim. In such a case, it could be that the cause of action would only accrue when the plaintiff had sufficient facts to put a reasonable person on notice that the claim was being denied. *Murray v. San Jacinto Agency, Inc., supra*. The discovery rule does not apply where, as here, there has been an outright and express denial of the claim. The injury producing event is the denial of coverage, and that is when the cause of action accrues. *Murray v. San Jacinto Agency, Inc., supra* at 829.

■ Davis argues that Aetna committed a new act of bad faith, and thus a new or continuing tort, when it failed to honor his claim after it learned of Dr. Criswell's diagnosis as stated in his deposition, and that limitations therefore only began to run at that time. We disagree. The injury producing event is the denial of coverage. Acts of bad faith committed after the denial of the claim may be *evidence* supporting the cause of action, but they are not the cause of action itself. The tort is not a continuing one. Limitations commences when the wrongful act occurs that causes some damage to the plaintiff. *Murray v. San Jacinto Agency, Inc., supra*. Limitations is not tolled by additional wrongful acts or damages occurring after the denial of the claim. *Tectonic Realty v. CNA Lloyd's of Texas*, 812 S.W.2d 647 (Tex. App.—Dallas 1991, writ denied).

For the reasons stated, we affirm the judgment of the trial court.