Judy JOHNSON and Tony Johnson,
By His Mother and Next Friend
Judy Johnson, Appellants,

v.

STATE FARM AUTOMOBILE
INSURANCE COMPANY, A
Corporation, Appellee.

No. 92–01.

Court of Appeals of Iowa.

May 25, 1993.

Lyle A. Rodenburg, Council Bluffs, for appellants.

Dennis M. Gray of Peters Law Firm, P.C., Council Bluffs, for appellee.

Considered by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

SCHLEGEL, Judge.

On October 31, 1989, Judy Johnson was driving in Council Bluffs and her son, Tony, was a passenger. They were required to stop behind a school bus on the street. Another motorist, Margaret King, rear-ended the Johnson vehicle. Judy Johnson complained of shoulder and neck pain at the time of the accident. In 1990 she had surgery for a ruptured disc in her back. She has had chiropractic treatment for her back since the time of the accident. Johnson had a considerable medical history prior to the accident in 1989.

King admitted negligence in the accident. Her insurance policy limit was $20,000. In a settlement agreement, King's insurer agreed to pay Johnson $20,000. Johnson's insurer, State Farm Automobile Insurance Company, agreed to the settlement. State Farm paid Johnson $5,000 for medical expenses.

Johnson's insurance policy with State Farm included an underinsured motorist provision. Johnson sued State Farm under this provision, claiming her damages from the accident exceeded the $20,000 she had already received from King's insurer. She also filed a bad faith claim against State Farm. State Farm defended the case on the ground that Johnson's medical problems were not caused by the accident. State Farm admitted it would be liable under the insurance policy if causation and damages were proven.

The case was tried before a jury. On August 27, 1991, by a special interrogatory the jury found the accident with King was not the proximate cause of Johnson's injuries. The court entered judgment for State Farm based on the verdict. The court denied Johnson's motions for judgment notwithstanding the verdict and for new trial.

Additional facts in this case will be addressed as they pertain to the issues raised.

I. Prior to trial, State Farm filed a motion seeking to sever the underinsured

claim from the bad faith claim. The district court granted this motion.

■ Under Iowa Rule of Civil Procedure 186, the question of whether to separate issues for trial is within the trial court's discretion. *Handley v. Farm Bureau Mutual Ins. Co.*, 467 N.W.2d 247, 249 (Iowa 1991). The court there held that a wrongful death action against a tortfeasor should be severed from a bad faith claim against the insurer. *Id.* at 250. We conclude the district court did not abuse its discretion in severing the underinsured claim from the bad faith claim here.

II. Johnson filed a discovery request seeking the insurer's file, which included the case file from a previous suit she had against State Farm in 1983. State Farm refused this request. Johnson then filed a motion to compel. The district court examined the file in camera, determined it was prepared in anticipation of trial, and ruled it was not subject to discovery.

■ In *Handley*, the court found a plaintiff bringing a bad faith claim was entitled to discovery of the insurer's files. 467 N.W.2d at 250. However, *Handley* did not discuss whether the files were prepared in anticipation of litigation. A routine investigation of an accident by a liability insurer is conducted in anticipation of litigation within the meaning of Iowa Rule of Civil Procedure 122(c). *Ashmead v. Harris*, 336 N.W.2d 197, 201 (Iowa 1983). A plaintiff then has the burden of showing substantial need and undue hardship. *Id.* A court has broad discretion in determining whether this showing has been made. *Id.*

In the present case, Johnson did not make any allegations of substantial need or undue hardship. We conclude the district court did not abuse its discretion in determining State Farm's investigation file was not subject to discovery, at least during the underinsured motorist portion of the suit.

III. Plaintiff did not then see the State Farm file. Apparently, this file contained some medical records of another woman named Judy Johnson, as well as the medical records of the Judy Johnson involved in this case. State Farm did not realize this, and sent the entire medical file to its experts, Dr. Harry Smith, a medical doctor and engineer, and James Wilson, a pharmacist.

The experts developed their opinions based on this partially erroneous information. In fact, Dr. Smith sent State Farm a letter pointing out the inconsistencies between Johnson's statements concerning her medical history and the medical records. The inconsistencies were largely due to the fact that Dr. Smith had the medical records of two different women. Also, Wilson gave the opinion that Johnson abused prescription drugs. However, some of the drugs in question had actually been prescribed to the other woman.

Plaintiff did not discover the problem until August 9, 1991, when in response to a discovery request, State Farm sent her a copy of all materials sent to Dr. Smith. The trial began on August 20, 1991. State Farm agreed to remove the medical records of the other woman from the file.

At the trial, the medical records of Dr. Green, Johnson's chiropractor, were admitted into evidence as Exhibit 15. Johnson objected to the admission of this exhibit. Johnson then learned the medical records of the other woman had somehow gotten into Dr. Green's records. This problem was brought up during closing arguments. The jury had the erroneous records during deliberation. Furthermore, Wilson had created some charts which included the erroneous information, and these too were admitted into evidence.

■ Johnson filed a motion for a new trial on several grounds. One ground was her claim she was denied a fair trial by the inclusion of the records of another woman throughout the trial. In ruling upon a motion for new trial, broad but not unlimited discretion is vested in the trial court. *Kiner v. Reliance Insurance Co.*, 463 N.W.2d 9, 13 (Iowa 1990).

■ We determine the district court abused its discretion in not granting Johnson a new trial. Clearly the medical records of another woman were irrelevant and

should not have been admitted into evidence. These improper records permeated the whole trial. The improper medical records were not only presented to the jury as an exhibit, but were included in the opinions of State Farm's experts and in the exhibits created by the State Farm experts. In addition, these records were prejudicial to Johnson. State Farm's defense was based on Johnson's medical history. The improper medical records confused the issue of Johnson's actual medical history. We conclude the errors involving the medical records of the other Judy Johnson accumulated until a new trial is necessary in this case.

IV. Johnson contends the district court should not have granted State Farm's motion in limine. The court granted State Farm's motion to exclude evidence of Johnson's settlement with King, that State Farm consented to the settlement, that the suit was being brought under an underinsurance provision, and evidence pertaining to the bad faith claim. In granting the motion, the district court determined the only issues to be tried were causation and damages.

■ Generally, a ruling sustaining a motion in limine is not a ruling on the evidence; the ruling merely adds a procedural step to the offer of evidence. *Johnson v. Interstate Power Co.*, 481 N.W.2d 310, 317 (Iowa 1992). If the evidence is not offered, there is nothing preserved to review on appeal. *Id.* Here, Johnson did offer the evidence excluded by the motion in limine.

In *Leuchtenmacher v. Farm Bureau Mutual Ins. Co.*, 461 N.W.2d 291, 294 (Iowa 1990), an estate brought a direct action under an underinsured motorist provision. Evidence of the policy limits in the underinsured motorist policy and the tortfeasor's policy were admitted into evidence. *Id.* This evidence was not offered to show the tortfeasor acted negligently, but was offered to prove the estate's claim under the insurance contract. *Id.* The court concluded that any direct claim against an insurer on a contract dispute necessarily involves introduction of the insurance policy and its terms. *Id.* at 294–295.

■ This issue relates to several issues raised by Johnson concerning her claim that the district court forced her into bringing a tort suit, when she had filed a contract suit. We believe the district court properly understood the issues before it. There was really no contract dispute in the present case because State Farm admitted it would be liable if Johnson were able to prove causation and damages. Therefore, there was no reason to introduce the insurance contract.

■ Johnson wanted to prove State Farm had admitted the issue of causation by agreeing to the settlement with King and by paying her $5,000. Under Iowa Rule of Evidence 408, evidence of a compromise should be excluded if it is offered to show liability. *Tratchel v. Essex Group, Inc.*, 452 N.W.2d 171, 179 (Iowa 1990). Also, under rule 409 evidence of advance payments is inadmissible to show liability. *Lewis v. Kennison*, 278 N.W.2d 12, 15 (Iowa 1979). Johnson admits she wanted to introduce this evidence to show State Farm's liability. Thus, the settlement with King and the fact that State Farm agreed to the settlement was properly excluded from evidence.

We affirm the district court on this issue.

V. Another issue in this case involves the admission of Johnson's medical files without proper foundation. As noted above, Johnson had an extensive medical history before the accident. She had a complete hysterectomy, sinusitis, and migraine headaches. She had also been in a car accident in 1983 in which she injured her back. All of her medical records were admitted into evidence, even though no one testified concerning most of them. Johnson objected to this wholesale introduction of her medical records.

■ An appellate court will interfere with a trial court's evidentiary rulings only if an abuse of discretion has occurred. *Beachel v. Long*, 420 N.W.2d 482, 485 (Iowa App.1988). Medical records are inadmissible if there is insufficient foundation to prove they were made by a person with

knowledge of the events recorded. *Id.* The erroneous admission of evidence is presumed to be prejudicial. *Madison v. Colby*, 348 N.W.2d 202, 204 (Iowa 1984).

In this case there was absolutely no foundation to show the origin of most of the medical records. On remand of this case, the medical records should not be admitted into evidence unless the foundational requisites for business records have been established.

█ VI. Johnson contends her settlement with King should be considered res judicata by issue preclusion on the issue of causation in the present case. The four elements of issue preclusion are: (1) the issue concluded must be identical in the two actions; (2) the issue must be raised and litigated in the prior action; (3) the issue must be material and relevant to the disposition of the prior action; and (4) the determination made of the issue in the prior action must be necessary and essential to the judgment. *Ackley State Bank v. Haupt*, 451 N.W.2d 495, 496 (Iowa 1990).

█ Here there was no prior litigation and it is not even clear the issue of causation was discussed during settlement negotiations. We conclude the doctrine of res judicata does not apply here.

█ VII. Johnson claims the district court should not have allowed Dr. Smith to testify about personal testing he had conducted. Dr. Smith testified that because it had been too unsafe to use volunteers, as part of his research he had simulated a series of rear-end collisions at speeds between two and one-half and five miles per hour as he sat in a car. Dr. Smith then testified that he had suffered no injuries, even after being hit up to five times in one day at these speeds.

Johnson did not object to this evidence. Therefore she failed to preserve error. *See McBroom v. State*, 226 N.W.2d 41, 47 (Iowa 1975).

VIII. Johnson objects to a district court order assessing her costs in this case. We determine State Farm should be assessed the costs of the action below in this case.

Costs incurred while the case is heard on remand will have to be assessed at that time.

█ IX. Johnson raised several other issues in her appellate brief, but did not cite any authority for them. These issues are then deemed to be waived pursuant to Iowa Rule of Appellate Procedure 14(a)(3). *Bush v. Iowa District Court*, 369 N.W.2d 424, 425–426 (Iowa 1985). Therefore, we will not address these issues.

X. In summary, Johnson's chief complaint about this case was its posture as a tort case. We have determined that the district court correctly required her to prove causation and damages in order to recover. However, Johnson is entitled to a new trial because of the admission of evidence concerning another woman named Judy Johnson. While the presentation of the evidence by State Farm may have been inadvertent, we conclude it was prejudicial to Johnson because it confused the issue of her actual medical history, which was the basis for State Farm's defense.

We reverse and remand for a new trial. Costs of this appeal are assessed to State Farm.

**REVERSED AND REMANDED.**