Greg BROWN, Plaintiff,

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Defendant.**

No. 93–658.

Supreme Court of Iowa.

March 23, 1994.

Iris J. Post and David C. Duncan of Grefe & Sidney, Des Moines, for defendant.

John Riccolo and David L. Baker of Riccolo & Baker, P.C., Cedar Rapids, for plaintiff.

Considered by LARSON, P.J., and CARTER, LAVORATO, NEUMAN, and TERNUS, JJ.

NEUMAN, Justice.

The United States District Court for the Northern District of Iowa has certified two questions to this court arising out of a suit for bad-faith failure to pay workers' compensation benefits. The questions posed are as follows:

1. When does a cause of action for bad faith failure to pay workers' compensation benefits accrue—the date the claim is denied by the insurer, the date the industrial commissioner first determines that the injury and/or disability is compensable under the Iowa Workers' Compensation Act, or at some other time?

2. What limitation period applies to the bringing of such a cause of action—the two-year period of Iowa Code section 614.-1(2), the five-year period of section 614.-1(4), or some other period?

The facts giving rise to the inquiry are not disputed. On June 11, 1987, plaintiff Greg Brown allegedly suffered a work-related back injury. He claimed workers' compensation benefits from his employer, United Parcel Service, and its insurance carrier, defendant Liberty Mutual Insurance Company. Liberty Mutual denied the claim by letter on July 20, 1987.

Brown then filed a petition for arbitration with the Iowa Industrial Commissioner, seeking weekly benefits, medical expenses, and penalties pursuant to Iowa Code section 86.13 (1987). Liberty Mutual's answer alleged that Brown's disability did not stem from his employment, but from preexisting medical problems.

The industrial commissioner heard the contested case and, on May 18, 1989, ruled that Brown was entitled to 110 weeks of permanent partial disability benefits, twenty-three weeks of healing-period benefits, statutory interest, medical expenses, mileage fees, and costs. Liberty Mutual promptly paid the award. The issue of penalty benefits was mediated separately, ultimately resulting in a $10,000 settlement.

On March 20, 1991, Brown filed suit in the Iowa District Court alleging bad faith in Liberty Mutual's original denial of the claim. Brown sought both actual and punitive damages for economic loss resulting from the delay, severe mental and emotional distress, and damage to his reputation in the community. Following a general denial by Liberty Mutual, the action was removed to federal court. A statute-of-limitations defense interposed by Liberty Mutual led to the court's inquiry concerning the accrual date of Brown's cause of action and selection of the correct limitation period.

■ I. *Accrual of claim.* Generally speaking, an action " 'accrues' when all the elements are known, or in the exercise of reasonable care should have been known, to the plaintiff." *LeBeau v. Dimig,* 446 N.W.2d 800, 801 (Iowa 1989); *Sandbulte v. Farm Bureau Mut. Ins. Co.,* 343 N.W.2d 457, 462 (Iowa 1984). The two elements necessary to sustain a first-party claim of bad-faith failure to pay insurance benefits are (1) absence of a reasonable basis for denying benefits under the policy, and (2) proof of the insurer's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim. *Dolan v. Aid Ins. Co.,* 431 N.W.2d 790, 794 (Iowa 1988). This court recently extended the tort to redress the bad-faith nonpayment of workers' compensation benefits. *Boylan v. American Motorists Ins. Co.,* 489 N.W.2d 742, 744 (Iowa 1992). Our *Boylan* decision rested, at least in part, on the employer's affirmative duty under section 86.13 "to act reasonably in regard to benefit payments in the absence of specific direction by the commissioner." *Id.* at 743.

The federal court's first question suggests two possible target dates for accrual of the action—the date the claim is denied by the carrier or the date the industrial commissioner determines the worker's eligibility for benefits. Liberty Mutual argues in favor of the denial date, claiming all the information pertinent to the cause of action is necessarily known by the time denial is communicated. Brown counters that, until the industrial commissioner rules on the employee's benefit eligibility, the district court is without jurisdiction to act. This court held in *Tallman v. Hanssen,* 427 N.W.2d 868, 870 (Iowa 1988), however, that the administrative exclusivity of workers' compensation adjudication does not extend to independent torts.

Brown also argues that any trial court adjudication of the bad-faith issue in advance of administrative proceedings could well result in an inconsistent and anomalous outcome. A review of several recent decisions, however, easily persuades us otherwise.

As already noted, *Boylan* recognized the employer's statutory obligation to act in good faith *prior to* the commissioner's determination of benefit eligibility, thus exposing the insurer to potential bad-faith liability in advance of an administrative decision. *Boylan,* 489 N.W.2d at 743. In a close analogy outside the workers' compensation context, we have held that a bad-faith suit may be com-

menced prior to a determination of benefit eligibility. *See Handley v. Farm Bureau Mut. Ins. Co.,* 467 N.W.2d 247, 249 (Iowa 1991) (judgment against defendant driver not condition precedent to action against insurer for bad-faith denial of underinsured motorist benefits). Finally, we recently ruled that although issue preclusion principles make it desirable to have the extent of an insurer's liability determined administratively before the district court entertains a bad-faith action, we declined to mandate the result Brown now urges. *Reedy v. White Consol. Indus., Inc.,* 503 N.W.2d 601, 603–04 (Iowa 1993). Viewing the matter more an issue of case management than adjudicative "ripeness," we merely encouraged courts to await final agency decision whenever feasible. *Id.* at 604.

Two other jurisdictions that have squarely faced the issue have both ruled that an insurer's denial of coverage letter puts the claimant on reasonable notice of potential bad faith, thereby fixing the cause of action's accrual date. *ALFA Mut. Ins. Co. v. Smith,* 540 So.2d 691, 693 (Ala.1988); *Davis v. Aetna Casualty & Sur. Co.,* 843 S.W.2d 777, 778 (Tex.App.1992). Because an action for bad faith focuses on the carrier's pre-denial conduct—not benefit eligibility—the industrial commissioner's ultimate decision should not control the target date for accrual purposes.

■ We also reject Brown's fallback argument that Liberty Mutual's conduct amounted to a continuing tort, thereby delaying accrual of the cause of action until Brown's last benefit became due and payable 110 weeks after the July 1987 denial letter. Contrary to Brown's contention, we are convinced the delayed payments flowed from a single injury—denial of the claim. *See Scott v. City of Sioux City,* 432 N.W.2d 144, 148 (Iowa 1988); *Davis,* 843 S.W.2d at 778.

■ Thus in answer to the first certified question, we hold that a claimant's cause of action for bad-faith failure to pay workers' compensation benefits accrues upon receipt of notification that the carrier has denied the claim. At that point both of the essential elements of the action are, or should with reasonable diligence be, known to the plaintiff. Applying this standard to the present case, plaintiff's cause of action accrued on July 20, 1987.

II. *Statute of limitations.* Having pinpointed the cause of action's accrual date, we are left with the second question: Which limitation period applies? Iowa Code section 614.1 offers two alternatives. Subsection (2), favored by Liberty Mutual, provides:

> *Injuries to person or reputation—relative rights—statute penalty.* Those founded on injuries to the person or reputation, including injuries to relative rights, whether based on contract or tort, or for a statute penalty, within two years.

Iowa Code § 614.1(2).

Brown, on the other hand, urges the longer period authorized by subsection (4):

> *Unwritten contracts—injuries to property—fraud—other actions.* Those founded on unwritten contracts, those brought for injuries to property, . . . and all other actions not otherwise provided for in this respect, within five years. . . .

Iowa Code § 614.1(4).

■ We have said that in choosing the proper statute of limitations, the court's focus must be on the "actual nature of the action." *Clark v. Figge,* 181 N.W.2d 211, 213 (Iowa 1970). The choice turns, not on the relief requested, but on "the nature of the right sued upon." *Sandbulte,* 343 N.W.2d at 462.

The distinction drawn in *Sandbulte* between cause and effect becomes important here where Brown seeks relief for emotional and reputational injury as well as economic loss. Liberty Mutual asserts these are "injuries to the person" that trigger the two-year limitation period of section 614.1(2). But Brown's injuries clearly do not stem from bodily hurts or slander. *See Clark,* 181 N.W.2d at 214 ("injuries to person" include bodily hurts or death; "typical illustration of injury to the reputation is publication of slanderous or libelous material"). They are rather the product of Liberty Mutual's alleged bad-faith dealings with him.

■ Brown's bad-faith claim, as noted in *Boylan,* rests on Liberty Mutual's alleged breach of its statutory good-faith obligation to pay benefits in advance of a specific di-

rective by the industrial commissioner. Given the choices before us, we believe suits of this nature fall within the "other actions" category for statute of limitations purposes. Thus in answer to the second certified question, we hold that the five-year limitation period of section 614.1(4) applies to actions based on the bad-faith nonpayment of workers' compensation benefits.[1]

**CERTIFIED QUESTIONS ANSWERED.**

---

1. By our holding, we necessarily reject the dichotomy posed in *Rodgers v. Pennsylvania Life Insurance Co.*, 539 F.Supp. 879, 885 (S.D.Iowa 1982), in which the federal district court opined that we would apply different limitation periods depending on the nature of the alleged injury.