**Tina BRENNAN, Plaintiff,**

v.

**WESTERN NATIONAL MUTUAL INSURANCE COMPANY, Defendant.**

**No. Civ. 99–4092.**

United States District Court, D. South Dakota, Southern Division.

Jan. 4, 2001.

Mike C. Fink, Bjorkman Law Office, Bridgewater, SD, for plaintiff.

Gordon Verne Goodsell, Mark J. Connot, Gunderson, Palmer, Goodsell & Nelson, Rapid City, SD, for defendant.

## MEMORANDUM OPINION AND ORDER

PIERSOL, Chief Judge.

Defendant, Western National Mutual Insurance Company, has filed a Motion for Summary Judgment, arguing that Plaintiff Tina Brennan is barred from recovering damages in this action, in which she alleges a bad-faith denial of worker's compensation benefits. For the reasons stated below, the Motion for Summary Judgment is denied.

## BACKGROUND

Plaintiff claims that she was injured on February 8, 1994, while working at Chef Rudy's Truck Stop, which used Defendant as its worker's compensation insurance carrier. On November 7, 1994, Defendant denied payment for certain medical services, writing that the services did "not appear related to a work comp injury of February 8, 1994." Plaintiff filed a petition for hearing seeking worker's compensation benefits from Chef Rudy's Truck Stop and Defendant on July 12, 1995.

In the meantime, on February 3, 1997, Plaintiff filed a separate action in this Court against Reinhart Institutional Foods ("Reinhart") and Bunn-o-matic, Inc ("Bunn-o-mattic").[1] The action against Reinhart and Bunn-o-mattic arose out of the same injury as Plaintiff's worker's compensation case. On September 17, 1998, Plaintiff obtained a judgment against Reinhart in the amount of $256,000.

On August 27, 1998, before Plaintiff had obtained a judgment against Reinhart, the South Dakota Department of Labor entered a Memorandum Decision finding that Plaintiff was entitled to worker's compensation benefits. Findings of Fact and Conclusions of Law were entered on September 24. A few days later, however, in light of the judgment against Reinhart, the department of labor decided to stay its Memorandum Decision. The department's decision was based upon *Andreson v. Brink Elec. Constr. Co.*, 568 N.W.2d 290 (S.D.1997), which held that under a statute in effect at the time of Plaintiff's injury, a worker's compensation claimant could not collect worker's compensation benefits for an injury after she had obtained a judgment against a third party arising out of the same injury. *See Andreson*, 568 N.W.2d at 292. The department of labor stayed the proceedings, as opposed to dismissing them, in order to see whether Plaintiff's judgment survived an appeal to the Eighth Circuit. The order staying the worker's compensation proceedings was entered on October 9, 1998.

1. *Brennan v. Reinhart Institutional Foods,* CIV 97–4014 (D.S.D.1997).

On April 14, 1999, Plaintiff initiated this action, alleging that Defendant acted in bad faith when it denied Plaintiff worker's compensation benefits. On February 1, 2000, the Court stayed Plaintiff's bad-faith action under the primary jurisdiction doctrine, in order to see how the South Dakota Department of Labor and the state courts would ultimately resolve Plaintiff's worker's compensation claim. On May 18, 2000, the Eighth Circuit issued its mandate affirming Plaintiff's judgment against Reinhart. Pursuant to an order from the Circuit Court for the First Judicial Circuit, the department of labor then dismissed Plaintiff's worker's compensation petition on the merits and with prejudice.

The Amended Complaint in this action alleges a single count of bad faith. In its Motion for Summary Judgment, Defendant argues that Plaintiff cannot recover on that cause of action: (1) because the department of labor dismissed her worker's compensation claim; and (2) because this lawsuit was filed outside South Dakota's statute of limitations for an action for personal injury. Plaintiff argues that her cause of action is not barred on either ground.

## DISCUSSION

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. "Summary judgment is proper when the record, viewed in the light most favorable to the nonmoving party and giving that party the benefit of all reasonable inferences, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Pace v. City of Des Moines,* 201 F.3d 1050, 1052 (8th Cir.2000).

### A. *Bad Faith*

An insurer's denial of benefits is deemed to be in bad faith where (1) there is an absence of a reasonable basis for denying the benefits of the policy and (2) the insurer acts with knowledge or reckless disregard of the absence of a reason-

able basis for denying benefits. *See Champion v. United States Fidelity & Guar. Co.,* 399 N.W.2d 320, 324 (S.D.1987). Defendants argue that, because the department of labor dismissed Plaintiff's claim for worker's compensation benefits, Defendant had a reasonable basis for denying benefits in the first place.

This Court reached a somewhat similar holding in *Jordan v. Union Ins. Co.,* 771 F.Supp. 1031 (D.S.D.1991). The plaintiff in *Jordan,* like the plaintiff in this case, brought a bad-faith lawsuit in federal court at the same time he pursued a worker's compensation claim before the South Dakota Department of Labor. After the department of labor determined that the plaintiff was not entitled to the permanent medical and disability benefits he sought, the defendant-insurer filed a motion for summary judgment in federal court. *See id.* Although it is not entirely clear from Judge Battey's decision, the issue before the department of labor in *Jordan* was apparently whether the plaintiff was suffering from a permanent medical problem or disability related to his employment. *See id.* at 1032. Based on the department's finding that this was not the case, Judge Battey found that the defendant must have had a reasonable basis to deny benefits, and granted the defendant's motion for summary judgment. *See id.* at 1033.

The department of labor's dismissal in this case does not similarly establish that Defendant had a reasonable basis for initially denying Plaintiff worker's compensation benefits. Plaintiff's worker's compensation claim was dismissed by the department of labor on the technical ground that she could not collect worker's compensation benefits after she had already obtained a judgment against Reinhart. *See Andreson v. Brink Elec. Constr. Co.,* 568 N.W.2d 290, 292–93 (S.D.1997). That dismissal leaves open the possibility that Plaintiff was entitled to benefits before she secured a judgment against Reinhart, as well as the possibility that there was no reasonable basis for denying benefits prior to that

date.[2] In fact, before Plaintiff obtained a judgment in this Court, the department of labor actually determined that Plaintiff was injured on the job and had incurred legitimate medical expenses as a result of that injury. (See Pl.Resp. to Motion to Stay, Ex. 5.) Under these circumstances, the Court cannot find as a matter of law that Defendant had a reasonable basis for its initial denial of benefits to Plaintiff.

### B. *Statute of Limitations*

■ The parties apparently agree that Plaintiff received notice that Defendant would deny benefits on or about November 7, 1994. Defendant argues that Plaintiff's bad-faith claim runs from this date, and is governed by South Dakota's three-year statute of limitations for personal injury actions. *See* SDCL 15–2–14(3). Plaintiff, on the other hand, contends that her claim is governed by the six-year statute of limitations generally applicable to actions "upon a contract, obligation, or liability, express or implied." *See* SDCL 15–2–13(1). Using November 7, 1994 as the date Plaintiff's bad-faith claim accrued, Plaintiff's claim would be timely under her own theory, but untimely under the theory of Defendant.

The parties' statute of limitations arguments raise an important procedural issue. In *Zuke v. Presentation Sisters, Inc.*, 589 N.W.2d 925 (S.D.1999), the South Dakota Supreme Court held that a plaintiff alleging a bad-faith denial of worker's compensation benefits must first bring her worker's compensation claim before the state department of labor. *See Zuke*, 589 N.W.2d at 930. Under this rule, if the statute of limitations continues to run while the department of labor proceedings are pending, it is possible that the statute of limitations on a plaintiff's bad-faith claim might run out while she is seeking benefits in the South Dakota Department of Labor.

This harsh result is avoided, in this case, because Plaintiff's claim for bad-faith denial of worker's compensation benefits did not accrue until she had obtained a final judgment from the department of labor. Under South Dakota law, a claim accrues when the plaintiff "has some notice of [her] cause of action, an awareness either that [she] has suffered an injury or that another person has committed a legal wrong which ultimately may result in harm to [her]." *Haberer v. First Bank of South Dakota*, 429 N.W.2d 62, 68 (S.D.1988). Pursuant to the supreme court's holding in *Zuke*, a plaintiff does not know whether the denial of her worker's compensation benefits was reasonable—and hence whether she has a bad-faith claim—until after worker's compensation proceedings are complete. *See Zuke*, 589 N.W.2d at 930; *cf. Amdahl v. Stonewall Ins. Co.*, 484 N.W.2d 811, 813–14 (Minn.App.1992) (in a third-party action for bad-faith denial of liability insurance benefits, the insured's cause of action against the insurer did not accrue until the third party's judgment became final). Accordingly, the Court predicts that the South Dakota Supreme Court would hold that the statute of limitations on plaintiff's bad-faith claim did not begin to run until her worker's compensation claim had been finally adjudicated in worker's compensation proceedings conducted pursuant to South Dakota law.[3]

The Court has considered the possibility that Plaintiff's cause of action accrued on the date her claim was denied by Defendant, but that the relevant statute was

---

**2.** The only evidence in the record of Defendant's reasons for denying benefits—that Plaintiff's medical expenses were not related to her injury at work—is not related to the department of labor's reason for dismissing Plaintiff's worker's compensation claim.

**3.** In *Brown v. Liberty Mut. Ins. Co.*, 513 N.W.2d 762, 764 (Iowa 1994), the Iowa Su-

preme Court held that a cause of action for bad faith failure to pay worker's compensation benefits accrues upon the plaintiff's receipt of notification that the insurance carrier has denied her claim, and not upon the conclusion of worker's compensation proceedings. *See Brown*, 513 N.W.2d at 764. A key factor in the Iowa Supreme Court's decision, however, was its prior ruling that "a bad faith

tolled during the pendency of her worker's compensation proceedings. Such a result would be consistent with the supreme court's holding in *Zuke,* as well as with the general rule that "whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the running of the limitations period is tolled during the time consumed by the administrative proceeding." *See Taylor v. Standard Ins. Co.,* 28 F.Supp.2d 588, 592 n. 3 (D.Haw.1997) (quoting *Elkins v. Derby,* 12 Cal.3d 410, 115 Cal.Rptr. 641, 525 P.2d 81, 83–84 (1974)). However, because the South Dakota Supreme Court has recently rejected the doctrine of equitable tolling in another context, *see Peterson v. Hohm,* 607 N.W.2d 8, 13 (S.D.2000), the Court is reluctant to apply it in this case.

Because Plaintiff's claimed cause of action did not accrue until she received a final judgment in her worker's compensation proceedings—a date which fell after this lawsuit had been commenced—it is not barred under any statute of limitations. Consequently, there is no reason to decide whether claim for bad-faith denial of worker's compensation insurance benefits is governed by the six-year statute of limitations concerning contracts in SDCL 15–2–13(1), the three-year statute of limitations concerning personal injuries in SDCL 15–2–14(3), or some other statute of limitations.[4] Accordingly,

IT IS ORDERED the Defendant's Motion for Summary Judgment (Docket No. 25) is denied.

---

suit may be commenced prior to a determination of benefit eligibility." *Id.* As discussed in the text above, the South Dakota Supreme Court's decision in *Zuke v. Presentation Sisters, Inc.,* 589 N.W.2d 925 (S.D.1999), that a bad-faith suit may not be commenced prior to a determination of benefit eligibility, indicates that the South Dakota Supreme Court would adopt a different rule as to the time that the bad-faith claim accrues. The result might be different if a plaintiff's worker's compensation claim were governed by the law of a state which did not require the completion of worker's compensation proceedings as a prerequisite to a bad-faith action.

4. In *Brown,* the Iowa Supreme Court also held that the plaintiff's bad-faith claim was governed by Iowa's five-year catch-all statute of limitations. *See Brown v. Liberty Mut. Ins. Co.,* 513 N.W.2d at 764–65. Although South Dakota has such a statute of limitations, *see* SDCL 15–2–8(4), neither party has argued that it applies in this case.