TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00655-CV






Lon H. Cantrell, Appellant



v.



Farmers Group, Inc. and Mid-Century Insurance Company, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 99-05277, HONORABLE ERNEST C. GARCIA, JUDGE PRESIDING 






 Lon Cantrell appeals the trial court's grant of summary judgment in favor of Farmers
Group, Inc. ("Farmers") and Mid-Century Insurance Company ("Mid-Century"). Because we
determine that Cantrell's action is barred by the statute of limitations, we will affirm the trial court's
judgment.

BACKGROUND Cantrell was employed as a supply clerk by Farmers when he sustained injuries while
performing his job duties. Cantrell received medical treatment and some weekly indemnity benefit
payments through Mid-Century, Farmers' workers' compensation insurance carrier. Cantrell's
supervisor sent him to receive medical attention after she was informed of the accident. Dr. B. Keith
Morrison at the Scott & White Medical Clinic initially examined Cantrell on February 24, 1997, and
on that date Morrison referred him to Dr. David O. Gillory at Orthopedic Associates of Central
Texas. Dr. Gillory recommended that he not return to work. The referring doctor, however, reported
to Farmers that Cantrell could return to work and perform light duty. Farmers presented Cantrell
with a bona fide "light-duty job offer" at his then current wage rate, which he declined. Cantrell was
terminated for declining the job offer. On March 31, 1997, Cantrell's workers' compensation
benefits were denied based on his failure to accept the job offer. Cantrell failed to pursue any
administrative remedies regarding the denial of benefits. Instead, Cantrell filed suit against Farmers
and Mid-Century, alleging they conspired together to deprive him of medical care and benefits and
to deny his workers' compensation claim in breach of the common law duty of good faith and fair
dealing. (1) 

 Mid-Century filed a motion for summary judgment or alternatively a motion to
dismiss on the grounds that (1) the trial court lacked subject matter jurisdiction due to Cantrell's
failure to exhaust his administrative remedies with the Texas Workers Compensation Commission
("the Commission") and (2) his claims were barred by the two-year statute of limitations. Cantrell
responded that he was not required to pursue his bad faith claim with the Commission and that
limitations had not run. The trial court granted the motion. Thereafter, Farmers filed an almost
identical motion for summary judgment, to which Cantrell filed no response, and again the court
granted judgment. Cantrell appeals both orders, contending that he was not required to exhaust his
remedies by presenting his claim to the Commission and disputing the limitations defense. 
Although, based on the confusing pleading history, it remains questionable whether Farmers has
already been nonsuited with prejudice, we will nevertheless address the granting of both motions. 

DISCUSSION


 Because the propriety of summary judgment is a question of law, we review the trial
court's decision de novo. Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Texas Dep't
of Ins. v. American Home Assurance Co., 998 S.W.2d 344, 347 (Tex. App.--Austin 1999, no pet.). 
The standards for reviewing a motion for summary judgment are well established: (1) The movant
for summary judgment has the burden of showing that no genuine issue of material fact exists and
that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material
fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true;
and (3) every possible inference must be indulged in favor of the nonmovant and any doubts resolved
in its favor. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W. 2d 546, 548-49 (Tex. 1985).

 When a trial court does not specify the basis for its summary judgment, the appealing
party must show it is an error to base it on any of the grounds asserted in the motion. Star-Telegram,
Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995). The appeals court must affirm the summary
judgment if any one of the movant's theories has merit. Id. Here, the trial court did not expressly
state on which of the two grounds it granted judgment; the parties therefore argue for or against both
grounds, respectively, but spend the greater amount of time on the question of jurisdiction. If a trial
court lacks subject matter jurisdiction, however, it has no discretion and must dismiss the case. City
of Austin v. Ender, 30 S.W.3d 590, 593 (Tex. App.--Austin 2000, no pet.). The trial court below
granted judgment, thus suggesting that it did so on the defense of limitations. In any event, because
we hold that Cantrell's claims are barred by limitations, we must affirm the judgment. 

 Cantrell was denied coverage on March 31, 1997. Cantrell, however, did not file suit
against Farmers until May 6, 1999, and did not assert claims against Mid-Century until he filed his
amended petition on November 22, 1999. Cantrell argues that the suit against Mid-Century related
back to the first filing, but even assuming that it did, both actions were initiated more than two years
after his claim for benefits was denied. 

 It is undisputed that Cantrell's claims are subject to a two-year statute of limitations. 
See Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West Supp. 2001). Under the statute, a claimant
must bring a suit not later than two years after the cause of action accrues. Id. § 16.003(a). The
Texas Supreme Court has held that, with respect to an action by an insured against an insurer for
breach of the duty of good faith and fair dealing, the injury producing event is the denial of
coverage--when the insurer unreasonably fails to pay the claim--and thus the cause of action
accrues and the statute begins to run at denial. Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826,
830 (Tex. 1990). Cantrell concedes in his reply brief that, under Murray, his claims would be barred
because he did not file the action until more than two years after his claims were denied. He argues,
however, that Murray has been impliedly overruled, and asks this Court to explicitly so hold. No
other Texas court has done so and we do not do so today. 

 The Texas Supreme Court first recognized in Aranda v. Insurance Co. of North
America, 748 S.W.2d 210 (Tex. 1988), a workers' compensation carrier's common law duty to deal
fairly and in good faith with injured employees in the processing of compensation claims. The court
therein held that an insurer breaches its duty when the insurer had no reasonable basis for denying
or delaying payment of a claim and the insurer knew or should have known that fact. Id. at 213. As
stated, this standard required a claimant to prove a negative fact--the absence of a reasonable basis
for denial. 

 Over time, reviewing courts found the negative wording of the standard awkward. 
This became especially challenging when attempting to apply a no-evidence standard of review,
under which an appellate court must resolve all conflicts in the evidence and draw all inferences in
favor of a bad-faith finding. Universe Life Ins. Co. v. Giles, 950 S.W.2d 48, 51 (Tex. 1997); see
Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965). Recognizing this needless complexity, the
supreme court recently restated the duty by adopting the more workable wording of the Insurance
Code, which defines in the affirmative when the denial or delay in payment constitutes statutory bad
faith. See Tex. Ins. Code Ann. art. 21.21, § 4(10)(a)(ii) (West Supp. 2001); Giles, 950 S.W.2d at 55-56. As stated in Giles, a claimant must prove the insurer failed to attempt to effectuate settlement
after its liability became reasonably clear. Giles, 950 S.W.2d at 55. That is, the insurer who denies
a claim is liable if the insurer knew or should have known that it was reasonably clear the claim was
covered. Id. at 56. 

 Cantrell contends that the wording set forth in Giles alters when the action accrues
and impliedly overrules Murray. He cites no authority for this contention. Cantrell argues that it
now is a question of what the carrier knew, and when, that causes the action to accrue. He contends
that the insurer, Mid-Century, arguably had a reasonable basis for denying his claim; however, until
it became reasonably clear to the carrier that it wrongfully withheld benefits, the cause of action did
not accrue. We disagree. A similar argument was made and rejected in Murray. Murray, 800
S.W.2d at 828 (holding that action accrued and limitations commenced on day coverage was
wrongfully denied, not when carrier acknowledged, one year later, that denial of coverage was
unwarranted; otherwise, limitations might never begin to run). 

 We do not believe the supreme court intended to alter the date of accrual of the action
merely by restating the standard in affirmative language. Under Aranda, the claimant was required
to prove "that the carrier knew or should have known that there was not a reasonable basis for
denying the claim," Aranda, 748 S.W.2d at 213; under Giles, the claimant must prove "the [carrier]
knew or should have known that it was reasonably clear that the claim was covered," Giles, 950
S.W.2d at 56. An insurer acts in bad faith when it denies or delays the payment after its liability
became reasonably clear. Id. at 55. Denial of the claim is still the act of injury and thus the
triggering event for when limitations begin to run. See Davis v. Aetna Cas. & Sur. Co., 843 S.W.2d
777, 778 (Tex. App.--Texarkana 1992, no writ). (2) Because Cantrell did not file this action until more
than two years after his cause of action accrued, his claims are barred by the two-year statute of
limitations. Summary judgment was therefore proper. We affirm the trial court's judgment. 



 

 Marilyn Aboussie, Chief Justice,

Before: Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: July 26, 2001

Do Not Publish
1. The pleading history is confusing. Cantrell first alleged wrongful termination against
Farmers, then dismissed the action against Farmers with prejudice due to expired limitations,
expressly proceeding only against Mid-Century. Mid-Century obtained summary judgment on the
bad faith claim against it; in the meantime, however, Cantrell insisted that a bad faith action against
Farmers continued, despite the dismissal. Farmers then obtained summary judgment as well. In his
brief, Cantrell suggests Farmers acted as Mid-Century's agent or representative. 
2. The Insurance Code likewise recognizes that an action must be brought within two years
of when the unfair act occurred or the person bringing the action discovered or should have
discovered the act. Tex. Ins. Code Ann. art. 21.21, § 16(d) (West Supp. 2001). 



aim and the insurer knew or should have known that fact. Id. at 213. As
stated, this standard required a claimant to prove a negative fact--the absence of a reasonable basis
for denial. 

 Over time, reviewing courts found the negative wording of the standard awkward. 
This became especially challenging when attempting to apply a no-evidence standard of review,
under which an appellate court must resolve all conflicts in the evidence and draw all inferences in
favor of a bad-faith finding. Universe Life Ins. Co. v. Giles, 950 S.W.2d 48, 51 (Tex. 1997); see
Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965). Recognizing this needless complexity, the
supreme court recently restated the duty by adopting the more workable word