In September 1984, Adrian Longcrier, president of Longcrier Builders and Developers, Inc. (Longcrier), applied to the Alabama Department of Environmental Management (ADEM) for a National Pollution Discharge Elimination System permit, asking that it be allowed to discharge 80,000 gallons per day of treated domestic sewage into a stream in Baldwin County. After the procedure mandated by the Alabama Environmental Management Act, §§ 22-22A-1 to -16, Code of Alabama 1975, and the Rules and Regulations of the Water Quality Program of the ADEM (ADEM Rules) were followed, the permit was granted. Subsequently, JaNay Dawson, a citizen of Baldwin County, requested an administrative appeal under § 22-22A-7, Code 1975. A hearing officer was assigned and the case set to be heard on May 20, 1985. On May 14, 1985, Dawson requested additional time to prepare for the hearing. The hearing officer denied this request. He asserted that § 22-22A-7 (c)(3) required commencement of the hearing within forty-five days after an appeal has been requested. The section made no provision for postponement.
On May 16, 1985, Dawson filed a complaint in the Baldwin County Circuit Court seeking a temporary restraining order as well as a permanent injunction to enjoin the commencement of the administrative hearing. As grounds for these injunctions, Dawson alleged that she had been denied due process when the hearing officer refused to postpone commencement of the hearing beyond the forty-five-day limit. She asked that both § 22-22A-7
(c)(3) and the corresponding ADEM Rule 2-1-.11 be declared unconstitutional. Additionally, Dawson alleged that the absence of specific prehearing discovery procedures from both the Code and ADEM Rules constituted a denial of due process. She further complained that she had not been given proper notice of the initial NPDES permit hearing. She asked that the ADEM Rule which provided for such notice be declared unconstitutional. Finally, she alleged that these same ADEM Rules constituted a violation of the Clean Water Act, 33 U.S.C. § 1251 to 1266.
After an ore tenus hearing, the trial court denied the request for the injunctions. He also determined that § 22-22A-7
(c)(3) and ADEM Rule 2-1-.11 were constitutionally sound. However, the court declined to rule on the issues regarding notice of the hearing. He determined that these issues were not yet ripe for judicial adjudication. On appeal, Dawson re-asserts all of the above arguments. Before we can address these issues, however, we must consider the argument, made by counsel for both Longcrier and ADEM, that these issues are not ripe for judicial determination because an administrative proceeding, on the same issues has been heard and decision is pending. *Page 1167 
Ripeness, when applied to administrative cases, is actually a generic concept dealing with the related doctrines of exhaustion of remedies, finality, and ripeness. See 73A C.J.S.Public Administrative Law and Procedure §§ 204, 205 (1983). Generally, judicial review of administrative determinations is limited to final orders or actions. See United States v.Feaster, 410 F.2d 1354 (5th Cir.), cert. denied, 396 U.S. 962,90 S.Ct. 427, 24 L.Ed.2d 426 (1969). Thus, it is normally required that all administrative remedies must be exhausted before a court will grant relief. See, e.g., Mobile Gulf R.R.v. Crocker, 455 So.2d 829 (Ala. 1984); City of Huntsville v.Smartt, 409 So.2d 1353 (Ala. 1982). There are, however, exceptions to the application of this doctrine. One need not exhaust administrative remedies where irreparable injury is threatened, City of Gadsden v. Entrekin, 387 So.2d 829 (Ala. 1980), or where there is a defect in the power of the agency to act in any respect, Jefferson County v. Johnson, 333 So.2d 143
(Ala. 1976). Exhaustion is also not required where the issue to be decided is solely a matter of law, not dependent upon disputed facts, Simpson v. Van Ryzin, 289 Ala. 22,265 So.2d 569 (Ala. 1972); such as where a statute, ordinance, or regulation is charged to be void on its face, or where there is a question of its applicability. Other exceptions also exist.See Id.
The primary purpose of the doctrine of exhaustion is to promote administrative autonomy and efficiency as well as judicial efficiency. See 73 C.J.S. Public Administrative Lawand Procedure § 38 (1983).
Applying the doctrine to this case, in light of its purpose and the discussed exceptions, it is our conclusion that the trial court has correctly determined which issues were ripe for review. He could properly reach the issue of the facial constitutionality of § 22-22A-7 (c)(3), Code 1975 and ADEM Rule 2-1-.11. However, decision on all other issues, including the publication of notice issue, could properly be withheld as not ripe for review because of their dependency, at least in part, upon the resolution of disputed facts.
We recognize that the publication-of-notice regulation has been attacked as unconstitutional per se. However, the mere allegation of a constitutional issue is not sufficient to make the general rule of exhaustion inapplicable. 73 C.J.S. § 42Public Administrative Law and Procedure (1983). Given that this issue is currently awaiting decision by the ADEM and will ultimately be subject to judicial review, § 22-22A-7 (c)(6), Code 1975, we cannot find any compelling reason to remand this issue to the trial court. Such action would be contrary to both administrative and judicial economy.
We now review his decision that § 22-22A-7-(c)(3), Code 1975, and ADEM Rule 2-1-.11 are not facially invalid as well as the denial of the injunction on that basis.
In determining whether an act is constitutional, we are bound by the following presumption:
 "[I]n passing upon the constitutionality of a legislative act, the courts uniformly approach the question with every presumption and intendment in favor of its validity, and seek to sustain rather than strike down the enactment of a coordinate branch of the government. All these principles are embraced in the simple statement that it is the recognized duty of the court to sustain the act unless it is clear beyond reasonable doubt that it is violative of the fundamental law."
Home Indemnity Company v. Anders, 459 So.2d 836 (Ala. 1984),quoting Alabama State Federation of Labor v. McAdory, 246 Ala. 1, 18 So.2d 810 (1944). The party challenging the statute has the burden of overcoming this presumption. City of Hoover v.Rocky Ridge Fire District, 460 So.2d 192 (Ala.Civ.App. 1984).
Dawson has challenged § 22-22A-7 (c)(3) and ADEM Rule 2-1-.11 as facially void violations of due process. She argues that these are defective in two respects: first because no provision is made for any possible extension of the time set for *Page 1168 
commencement of the appellate hearing and second, because there is a lack of provision for prehearing discovery.
The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.Humane Society of Marshall County v. Adams, 439 So.2d 150 (Ala. 1983).
It is clear that neither § 22-22A-7 (c)(3) nor ADEM Rule 2-1-.11 allows for any postponement of the "commencement" of the hearing. However, this does not make them facially invalid. Such a deadline is obviously necessary for the efficient administration of the ADEM's programs. In fact, it helps ensure the aggrieved party of a hearing. It in no way creates a hardship for the parties to an appeal. While the hearing must be commenced within the forty-five-day limit, adequate provision is made for any justified continuance.
ADEM Rule 2-1-.11 (8) provides that "at any time after the commencement of a hearing to contest an administrative action of the Department, the Commission (Environmental Management Commission of ADEM) may on its own initiative, or on the motion of any party, adjourn the hearing to a later time." This power to continue the hearing, it seems to us, adequately safeguards an aggrieved person's due process right to a meaningful hearing. If this person can show adequate justification for a continuance, such should be granted. Ultimately, the Commission's (or hearing officer's) decision on this issue would be subject to judicial review. § 22-22A-7 (c)(6), Code 1975.
We do not accept Dawson's contention that the lack of prehearing discovery makes the section facially invalid. It has been generally recognized that there is no basic constitutional right to prehearing discovery in administrative proceedings.See, e.g., Silverman v. Commodity Futures Trading Commission,549 F.2d 28 (7th Cir. 1977); Starr v. Commissioner of InternalRevenue, 226 F.2d 721 (7th Cir.), cert. denied, 350 U.S. 993,76 S.Ct. 542, 100 L.Ed. 859 (1955). The only possible argument is that the denial of prehearing discovery as applied in a particular case constitutes a denial of due process. This possibility of a due process violation, in the abstract, does not render the sections facially unconstitutional. See UnitedStates v. Satterfield, 743 F.2d 827 (11th Cir. 1984). Beyond this, we note that at least some provision for discovery is made by the Alabama Environmental Management Act. See §22-22A-7, Code 1975.
Having determined that these sections are not facially invalid, we find that, as to these particular sections, the trial court's denial of the permanent injunctive relief was correct.
To be entitled to permanent injunctive relief from constitutional violation, one must first establish the fact of the violation, and then demonstrate the presence of continuing irreparable injury if the injunction does not issue as well as the lack of an adequate remedy at law. See Rizzo v. Goode,423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); Beacon Theatres,Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988
(1959). As to the only issues ripe for our review, Dawson has not established the requisite constitutional violation.
In light of the foregoing, we are of the opinion that the decision by the trial court was correct in all aspects and is due to be and hereby is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 1169