RUSSELL, Judge
(dissenting).
I must respectfully dissent. While there are many issues raised and points considered in this appeal, as I see it, the central question for resolution relates to the ripeness for consideration by the trial court of the discovery and evidentiary issues raised by Sierra.
In an administrative proceeding the normal requirement is that all administrative remedies must be exhausted before a court will grant relief. Dawson v. Cole, 485 So.2d 1164 (Ala.Civ.App.1986). There is a narrow exception to this doctrine where an adequate remedy is not afforded by way of the administrative process and appeal. § 41-22-20(a), Ala.Code 1975. There are sound policy reasons for the exhaustion doctrine. Administrative agencies were created iff part to alleviate the burden on our judicial system, and one purpose of administrative proceedings is to eliminate the necessity of having every matter of dispute litigated by the judiciary. See § 41-22-2, Ala.Code 1975. It follows that in order for the administrative process to work here, it must be allowed to function. For a court to assume jurisdiction over interlocutory rulings on evidentiary matters and to rule on substantive questions in the middle of the administrative process — except in instances of a strong showing of irregularities in the administrative process, obvious fraud, or threatened irreparable injury — would be to undermine the purpose of the process and would invite endless attempts to circumvent it.
After reviewing the record before this court and the arguments found in Sierra’s brief, I am unconvinced that Sierra has demonstrated grounds for an exception to the exhaustion doctrine. If AEMC’s final action is unfavorable to Sierra, Sierra can use the vehicle established by the legislature to assert the evidentiary infirmity in an appeal to the circuit court. If the circuit court finds prejudicial error, it can remand to AEMC to conduct additional discovery. § 41-22-20®, Ala.Code 1975.
For the foregoing reasons I concur with the trial court’s determination that, under the facts presented, its continued exercise of jurisdiction in this matter would be “an unwarranted interference with the administrative process.” Accordingly, I would affirm the trial court in its refusal to overrule the ALJ’s rulings involving discovery on the basis that Sierra has an adequate remedy in the form of an appeal to the circuit court from AEMC’s final action in the administrative proceeding.