Robert BOYLAN, Appellant,

v.

AMERICAN MOTORISTS INSURANCE
COMPANY, Appellee.

No. 91–1520.

Supreme Court of Iowa.

Sept. 23, 1992.

Rehearing Denied Oct. 23, 1992.

Lyle A. Rodenburg, Council Bluffs, for appellant.

Craig A. Levien and Vicki L. Seeck of Betty, Neuman & McMahon, Davenport, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

CARTER, Justice.

Plaintiff, Robert Boylan, appeals from an order granting a motion to dismiss his bad-faith tort claim against his employer's workers' compensation insurance carrier, defendant, American Motorist Insurance Company (American). After considering the arguments presented, we reverse the district court's order.

Plaintiff's petition claimed that he was entitled to continuing workers' compensa-tion benefits as a result of industrial inju-ries sustained in the course of his employ-ment with Cresline Plastic Pipe Company. He alleged that the defendant "delayed and then terminated [his] workers' compensa-tion weekly benefits and medical benefits, arbitrarily and capriciously, without notice and in bad faith." He further claimed that as a consequence of the acts and omissions of Cresline's insurance carrier, American, his original injuries were aggravated. He sought recovery of compensatory damages, including consequential damages for ag-gravated injuries, punitive damages, and attorney fees.

The district court granted American's motion to dismiss for failure to state a claim upon which relief can be granted. It concluded that the relationship between an injured employee and the employer's work-ers' compensation carrier is not analogous to those first-party insurance claims for which this court in *Dolan v. AID Insur-ance Co.*, 431 N.W.2d 790 (Iowa 1988), rec-ognized tort liability for bad faith. The court determined that the relationship be-tween a workers' compensation claimant and the employer's insurer is more analo-gous to the relationship between a tort victim and the tortfeasor's liability insurer. This court has refused to recognize bad-faith tort liability on the part of the liability insurer in the latter situation. *See Long v. McAllister*, 319 N.W.2d 256, 262 (Iowa 1982).

The district court also concluded that the presence of a statutory remedy for unrea-sonably delayed or terminated workers' compensation benefits in Iowa Code section 86.13 (1991) militates against recognition of a common-law tort remedy. As might be expected, American urges on appeal that the reasons given by the district court for dismissing the petition provide an adequate basis on which to sustain that ruling. Plaintiff, on the other hand, urges that none of those reasons were sufficient to warrant dismissal of his claim on the plead-ings.

In *Long*, we refused to recognize a vic-tim's bad-faith tort claim against the tort-feasor's insurer even though we acknowl-

edge that tort victims are technically third-party beneficiaries of the tortfeasor's insurance. We based our holding in *Long* on the fact that

> [t]he insurer has a fiduciary duty to the insured but an adversary relationship with the victim. The effect of the policy is to align the insurer's interests with those of the insured. In meeting its duty to the insured, the insurer must give as much consideration to the insured's interests as it does to its own.

*Id.* at 262. In seeking to apply *Long,* the district court determined that an employer or workers' compensation insurance carrier is not required to pay weekly benefits or to pay medical service providers prior to the time the industrial commissioner has determined the employee's entitlement to benefits. We do not believe that characterization is entirely accurate.

As a result of 1982 amendments to the workers' compensation act, Iowa Code section 86.13 (1991) now provides in part:

> If a delay in commencement or termination of benefits occurs without reasonable or probable cause or excuse, the industrial commissioner shall award benefits in addition to those benefits payable under this chapter or chapter 85, 85A, or 85B, up to fifty percent of the amount of benefits that were unreasonably delayed or denied.

1982 Iowa Acts ch. 1161, § 23. Section 86.13 does not require that the unreasonable delay or termination of benefits for which a penalty may be ordered occur after a determination of benefit eligibility by the industrial commissioner. It recognizes, at least with respect to temporary disability or healing period benefits, an affirmative obligation on the part of the employer and insurance carrier to act reasonably in regard to benefit payments in the absence of specific direction by the commissioner.

The act also imposes an affirmative obligation to furnish medical and hospital supplies to an injured employee. *See* Iowa Code § 85.27 (1991) ("The treatment must be offered promptly and be reasonably suited to treat the injury without undue inconvenience to the employee."). Al-

though the latter statute speaks only of the obligation of the employer, the commissioner's regulations consign these obligations to the employer's insurance carrier. 343 Iowa Admin.Code 2.3, 4.10. As a result of the obligations that these statutes and administrative regulations place on the insurer, this case is more similar to *Dolan* than it is to *Long.*

A number of well-reasoned decisions from other jurisdictions have recognized the potential tort liability of workers' compensation insurers for willful or reckless disregard of their obligation to pay benefits to injured employees. *Hollman v. Liberty Mut. Ins. Co.,* 712 F.2d 1259, 1261–62 (8th Cir.1983) (applying South Dakota law); *Stafford v. Westchester Fire Ins. Co.,* 526 P.2d 37, 43–44 (Alaska 1974), *overruled on other grounds,* 556 P.2d 525 (Alaska 1976); *Gibson v. National Ben Franklin Ins. Co.,* 387 A.2d 220, 222 (Me.1978); *Kaluza v. Home Ins. Co.,* 403 N.W.2d 230, 236 (Minn.1987); *Southern Farm Bureau Casualty Ins. Co. v. Holland,* 469 So.2d 55, 58–59 (Miss.1984); *Hayes v. Aetna Fire Underwriters,* 187 Mont. 148, 155, 609 P.2d 257, 261 (1980); *Aranda v. Insurance Co. of N. Am.,* 748 S.W.2d 210, 213–14 (Tex. 1988); *Coleman v. American Universal Ins. Co.,* 86 Wis.2d 615, 620, 273 N.W.2d 220, 223 (1979).

Most of the courts that have refused to recognize the bad-faith tort have based such rejection on the exclusive remedy provisions of the workers' compensation statutes in those jurisdictions. *E.g., Connolly v. Maryland Casualty Co.,* 849 F.2d 525, 527 (11th Cir.1988) (applying Florida law); *Whitten v. American Mut. Liab. Ins. Co.,* 468 F.Supp. 470, 474–75 (D.S.C.1977), *aff'd,* 594 F.2d 860 (4th Cir.1979) (applying South Carolina law); *DePew v. Hartford Accident & Indem. Co.,* 135 Cal.App.3d 574, 578, 185 Cal.Rptr. 472, 474 (1982); *State ex rel. Am. Motorists Ins. Co. v. Ryan,* 755 S.W.2d 399, 400 (Mo.App.1988); *Dickson v. Mountain States Mut. Casualty Co.,* 98 N.M. 479, 481, 650 P.2d 1, 3 (1982). This court in *Tallman v. Hanssen,* 427 N.W.2d 868, 870 (Iowa 1988), recognized that the exclusive remedy provision of our workers'

compensation act is applicable only to claims against the employer and does not extend to the employer's compensation insurer.

We conclude that it is unlikely that the legislature intended the penalty provision in section 86.13 to be the sole remedy for all types of wrongful conduct by carriers with respect to administration of workers' compensation benefits. By its terms, it applies only to delay in commencement or termination of benefits. It contemplates negligent conduct rather than the willful or reckless acts that are required to establish a cause of action under *Dolan.* In addition, no remedy is provided under section 86.13 for delay or failure to pay medical benefits. *See Klein v. Furnas Elec. Co.,* 384 N.W.2d 370, 375 (Iowa 1986). Penalty provisions for mere delay in payment or improper termination of benefits have been held in several cases not to preclude a common-law action for bad faith. *See Gibson,* 387 A.2d at 223; *Kaluza,* 403 N.W.2d at 235; *Holland,* 469 So.2d at 58; *Hayes,* 609 P.2d at 262; *Aranda,* 748 S.W.2d at 215; *Coleman,* 86 Wis.2d at 625, 273 N.W.2d at 224.

The matters herein discussed convince us that recognition of tort liability on the part of workers' compensation insurance carriers guilty of the type of bad-faith conduct for which tort liability was recognized in *Dolan* is a logical extension of that decision. The order of the district court dismissing plaintiff's petition is reversed. The case is remanded to that court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.