**Larry REEDY, Plaintiff,**

v.

**WHITE CONSOLIDATED INDUSTRIES, INC., a Delaware Corporation d/b/a WCI Laundry Division, Defendant.**

No. 92–1098.

Supreme Court of Iowa.

July 21, 1993.

Dykema Gossett, Stephen D. Turner, and Stephen S. Muhich, Grand Rapids, MI, and Michael S. Vestle of Childers & Vestle, Cedar Rapids, for defendant.

Tito Trevino and Janece M. Winterhof of Trevino & Leehey, Fort Dodge, for plaintiff.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and SNELL, JJ.

CARTER, Justice.

The United States District Court for the Northern District of Iowa has certified two questions of law to be answered by this court as provided in Iowa Code sections 684A.1 and .3 (1993) and Iowa Rules of Appellate Procedure 451 to 461. The questions relate to that portion of a pending federal civil action in which plaintiff, Larry Reedy, a former employee of the defendant, White Consolidated Industries, Inc., asserts the bad-faith failure of the defendant, as a self-insured employer, to pay workers' compensation medical benefits relating to injuries sustained by plaintiff.

The certified questions are as follows:

1. Is an action against a self-insured employer for bad-faith failure to pay a workers' compensation claim for medical benefits recognized in Iowa?

2. If the Iowa courts were to recognize the existence of a Bad–Faith Action, must the employee first litigate his workers' compensation claim before the Iowa Industrial Commission and exhaust all appeals before such a Bad–Faith Action is ripe for adjudication?

We separately consider these inquiries.

### I. Bad–Faith Liability of Self–Insured Employers With Respect to Nonpayment of Workers' Compensation Benefits.

■ The federal court's inquiry preceded our decision in *Boylan v. American Motorists Insurance Co.*, 489 N.W.2d 742 (Iowa 1992), which, for the first time under our law, acknowledged that a civil tort claim might be predicated on the bad-faith failure of a workers' compensation insurer to pay benefits due an injured employee under the Iowa Workers' Compensation Act. That decision, however, only clarifies some of the uncertainty that pertains to the pending federal case.

One of the bases for the *Boylan* decision was the recognition that the exclusive-remedy defense contained in Iowa Code section 85.20 (1993) is not available to insurance carriers. The present claim is against a self-insured employer. We have not yet determined whether such an employer is subject to the same liability as that which was recognized in *Boylan*.

The point of beginning for this inquiry is our decision in *Harned v. Farmland Foods, Inc.*, 331 N.W.2d 98 (Iowa 1983). In that case, we gave a strong indication that the bad-faith actions of an employer and insurance carrier with respect to denial of benefits to which an employee is entitled under the Workers' Compensation Act would not give rise to a civil liability outside of the administrative procedure for payment of workers' compensation claims. Subsequently, in *Tallman v. Hanssen*, 427 N.W.2d 868 (Iowa 1988), we recognized that the exclusive-remedy defense contained in section 85.20 only was available to an employer and did not protect a workers' compensation insurer from a bad-faith claim. In the *Boylan* case, we unequivocally approved the bringing of a bad-faith claim against a workers' compensation insurer.

Because the *Harned* case expressly recognized the availability of the exclusive-remedy defense to an *employer* with respect to claims involving nonpayment of benefits under the Workers' Compensation Act, some doubt exists as to whether *Boylan* extends to self-insured employers. That uncertainty is amplified because the dual-capacity theory of employer's liability outside the Workers' Compensation Act was rejected by this court in *Jansen v. Harmon*, 164 N.W.2d 323, 328–30 (Iowa 1969) (exclusive-remedy doctrine bars premises liability claim against employer at location other than job site when employee's purpose in being there was employment related).

Notwithstanding our rejection of the dual-capacity doctrine for finding an employer liable outside of the Workers' Compensation Act in the *Jansen* decision, we believe that the liability recognized in *Boylan* should extend to self-insured employers. A self-insured employer under the Workers' Compensation Act is not an employer who fails to secure insurance against workers' compensation liability. Without more, an employer who fails to secure insurance against such claims merely waives the protection of the act against common-law claims. Iowa Code § 87.21 (1993). To be a qualified self-insured employer under the act, it is necessary to voluntarily assume a recognized status under the workers' compensation laws as an insurer. Iowa Code § 87.4 (1987). For purposes of a bad-faith tort claim, we see no distinction between a workers' compensation insurance carrier for an employer and an employer who voluntarily assumes self-insured status under the act. Consequently, we answer the first certified question in the affirmative.

## II. *The Ripeness Question.*

■ The second certified question is couched in terms of "ripeness." Because that term has more than one meaning, we wish to make clear that we are not passing on questions of "ripeness" as an element of the case or controversy requirement of Article III of the federal Constitution. *See*

*Beachy v. Board of Aviation Comm'rs,* 699 F.Supp. 742, 745 (S.D.Ind.1988). Because that doctrine is peculiarly attributable to the jurisdiction of federal courts, we doubt that the question relates to ripeness in that context. We will consider the question in the sense that a doctrine described as "ripeness" has been applied by state courts in cases related to administrative agencies. *See, e.g., Dawson v. Cole,* 485 So.2d 1164, 1167 (Ala.Civ.App.1986) (ripeness is a generic concept dealing with the related doctrines of exhaustion and finality).

The statutory exhaustion-of-remedy doctrine for review of agency action, *see* Iowa Code § 17A.19(1) (1993), does not apply to this independent tort action that has evolved by case decision. Nor do we find the doctrine of primary jurisdiction recognized in *State ex rel. Turner v. Iowa Electric Light & Power Co.,* 240 N.W.2d 912, 913 (Iowa 1976), to be directly applicable because the industrial commissioner has no jurisdiction to determine the type of claim on which the action is based. Nonetheless, that administrative agency has jurisdiction to settle important factual questions that may have a direct bearing on the bad-faith claim.

In our view, it would be clearly preferable to have the extent of the defending party's liability for such payments determined in the first instance by the administrative agency entrusted with the administration of the Iowa workers' compensation laws. Moreover, we believe that decisions made through this administrative process that are relevant to the issues in the bad-faith action will, in many instances, carry preclusive effect under the principles we recognized in *Board of Supervisors v. Chicago & North Western Transportation Co.,* 260 N.W.2d 813, 815 (Iowa 1977).

We believe, however, that, within the context of a bad-faith tort claim based on failure to provide workers' compensation benefits, the goal of having material issues of benefit entitlement decided in the first instance by the industrial commissioner is best handled through a discretionary abstention policy that operates to delay the

**604**

consideration of those issues by a court. Cases filed prior to the completion of the administrative process should not be routinely dismissed on ripeness grounds. That is a circumstance that should encourage courts, whenever it is feasible to do so, to permit the case to remain on the docket while awaiting the administrative determination. We so answer the second certified question.

The clerk is directed to proceed in accordance with Iowa Rule of Appellate Procedure 458.

**CERTIFIED QUESTIONS ANSWERED.**