PITTMAN, Judge,
dissenting.
I conclude that the Commission exceeded its statutory authority entering a conditional order to retain jurisdiction allowing it to “reconsider” that order following notice and comment. Section 22-22A-7(c)(6), Ala.Code 1975, provides:
“Any order of the Environmental Management Commission made pursuant to the [Alabama Environmental Management Act’s administrative review] procedure, modifying, approving or disapproving the [Alabama Department of Environmental Management’s] administrative action, constitutes a final action of the department and is appeal-able to the Montgomery County Circuit Court or the circuit court in which the applicant does business or resides for judicial review on the administrative record provided that such appeal is filed within 30 days after the issuance of such order.”
(Emphasis added.) In fact, throughout § 22-22A-7, Ala.Code 1975, the provision of the Environmental Management Act that sets forth the administrative-review procedure, rigid time frames, and deadlines are established with which the Commission, its designated hearing officer, and the parties must comply. A continuance of the action after the commencement of the hearing is granted only if one seeking the postponement can demonstrate adequate justification. Dawson v. Cole, 485 So.2d *349 1164 (Ala.Civ.App.1986). The interests of competitive industry in a timely resolution of the hearing process must be carefully balanced with the rights of the aggrieved party to a meaningful hearing.
I conclude that the Commission, acting within its discretion, could have required public comment on the requested modification. However, I believe the proper method for the Commission to have followed to achieve this purpose would have been to enter a final judgment pursuant to § 22-22A-7, rejecting ADEM’s denial of the requested modification, and remanding the matter to the department with appropriate instructions, including those pertaining to notice and comment.