897 So.2d 1091 (2003)
MEDICAL LICENSURE COMMISSION OF ALABAMA
v.
Oscar D. ALMEIDA, Jr.
2011096.
Court of Civil Appeals of Alabama.
June 27, 2003.
Rehearing Denied September 12, 2003.
William H. Pryor, Jr., atty. gen., and Wayne P. Turner, deputy atty. gen., for appellant.
Robert A. Huffaker of Rushton, Stakely, Johnston & Garrett, P.A., Montgomery; Lenora W. Pate of Sirote & Permutt, P.C., Birmingham; and Peter F. Burns of Burns, Cunningham & Mackey, Mobile, for appellee.
Randolph P. Reaves and Nancy Jo Rainer of Randolph P. Reaves, P.C., Montgomery, for amicus curiae Alabama Board of Nursing.
John N. Leach of Helmsing, Leach, Herlong, Newman & Rouse, P.C., Mobile, for amicus curiae Medical Society of Mobile County.
Joe Espy III of Melton, Espy & Williams, P.C., Montgomery, for Amici curiae Melinda Goss, Rebecca Whicker, Tina Nelson, Daphney Calhoun, Kelli White, Karen Webster, Crystal Rollo, Phyllis Parker, Tina Hicks, and other patients.
YATES, Presiding Judge.
AFFIRMED. NO OPINION.
See Rule 53(a)(1) and (a)(2)(F), Ala. R.App. P.; Ex parte Pegram, 646 So.2d 644 (Ala.1994); Medical Servs. Admin. v. Duke, 378 So.2d 685 (Ala.1979); Kids' Klub, Inc. v. State Dep't of Human Res., 874 So.2d 1075 (Ala.Civ.App.2003); Barngrover v. Medical Licensure Comm'n, 852 So.2d 147 (Ala.Civ.App.2002); Chafian v. Board of Chiropractic Exam'rs, 647 So.2d 759 (Ala.Civ.App.1994); Flowers v. Alcoholic Beverage Control Bd., 627 So.2d 415 (Ala.Civ.App.1993); Ferlisi v. Alabama Medicaid Agency, 481 So.2d 400 (Ala.Civ.App.1985); and Alabama Dep't of Public Health v. Perkins, 469 So.2d 651 (Ala.Civ.App.1985).
THOMPSON, PITTMAN, and MURDOCK, JJ., concur in the result.
CRAWLEY, J., dissents.
CRAWLEY, Judge, dissenting.
I respectfully dissent. The decision of the Medical Licensure Commission of Alabama (hereinafter referred to as "the Commission") to revoke the medical license of Oscar D. Almeida, Jr., is subject to the standard of review set out in the Alabama Administrative Procedure Act, § 41-22-20, Ala.Code 1975. See § 34-24-367, Ala.Code 1975 ("Judicial review of the orders and decisions of the Medical Licensure Commission shall be governed by the provisions of Section 41-22-20...."). Section 41-22-20(j) provides *1092 for a trial de novo under certain circumstances  i.e., "where review is sought from tax assessments, tax determinations or tax redeterminations, rulings of the revenue department granting, denying, or revoking licenses, or rulings on petitions for tax refunds"  which are not present here. The standard of review is therefore provided in § 41-22-20(k), as follows:
"(k) Except where judicial review is by trial de novo, the agency order shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, except where otherwise authorized by statute. The court may affirm the agency action or remand the case to the agency for taking additional testimony and evidence or for further proceedings. The court may reverse or modify the decision or grant other appropriate relief from the agency action, equitable or legal, including declaratory relief, if the court finds that the agency action is due to be set aside or modified under standards set forth in appeal or review statutes applicable to that agency or if substantial rights of the petitioner have been prejudiced because the agency action is any one or more of the following:
"(1) In violation of constitutional or statutory provisions;
"(2) In excess of the statutory authority of the agency;
"(3) In violation of any pertinent agency rule;
"(4) Made upon unlawful procedure;
"(5) Affected by other error of law;
"(6) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
"(7) Unreasonable, arbitrary, or capricious, or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion."
The Commission was the finder of fact in this case, and, upon review of the evidence presented, it is my opinion that there was substantial evidence, despite there being some evidence that was inconsistent, to support the Commission's decision to revoke Almeida's medical license. Therefore, I believe that the trial court impermissibly substituted its judgment for that of the Commission and that its judgment is due to be reversed.
Almeida also contends that the Commission's failure to provide him with the written statements provided to the Commission during its investigation by those persons who had complained of Almeida's conduct violated his rights to due process. This court has stated:
"We note that in the case of Dawson v. Cole, 485 So.2d 1164 (Ala.Civ.App.1986), we stated: `It has been generally recognized that there is no basic constitutional right to prehearing discovery in administrative proceedings.' Appellants assert that this statement forecloses any further inquiry into this issue. We disagree.
"A closer reading of our opinion in Dawson, supra, discloses our acknowledgment that `the denial of prehearing discovery as applied in a particular case' could result in a due process violation. Thus, we must examine whether the Board's denial of appellee's discovery request did in fact result in a denial of procedural due process."
State Oil & Gas Bd. of Alabama v. Anderson, 510 So.2d 250, 256 (Ala.Civ.App.1987).
Upon reviewing the record of the proceedings before the Commission, I would not conclude that the Commission's refusal to produce the written statements by the complaining parties was a violation of Almeida's due-process rights. A review of *1093 those proceedings show that Almeida was aware of the identity of the complaining parties, that Almeida was able to depose those parties, and that the Commission ordered that tape  recorded statements made by those parties during the Commission's investigation be transcribed and made available to Almeida. It was only the written statements provided by those parties to the Commission's investigator that were not provided to Almeida.
Further, § 545-X-3-.04(1), Ala. Admin. Code, applicable to the Commission, provides:
"The Commission may provide by order in a contested case that each party provide to the other parties a list of all witnesses to be called at the hearing and copies of all documents to be entered into evidence at the hearing. The Commission may authorize the parties to submit the testimony of witnesses by deposition upon oral examination in the manner prescribed in the Alabama Rules of Civil Procedure. The Commission may provide by order for such other limited discovery by the parties as is deemed necessary and prudent by the Commission or the hearing officer to ensure that the hearing is fairly conducted under the law; provided, however, that the parties shall not be permitted to prolong or unnecessarily delay the proceedings in contested cases for discovery purposes. However, no party to a hearing shall be entitled to discover the contents of any investigative files, records, including investigative reports, statements, summaries, or other materials compiled and accumulated by the investigators, attorneys or staff of the Commission, or the Board of Medical Examiners, pursuant to its ordinary and usual investigative function unless the document or statement in lieu of the actual witness is to be offered into evidence at the hearing."
(Emphasis added.) Almeida does not contend that the written statements were offered into evidence. Accordingly, it is my opinion that Almeida's due-process rights were not violated by the Commission's failure to provide him with the written statements of the complaining parties.