# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-2860

———————

Tamela J. Petrillo, et al.,         *

                                 *

      Plaintiffs - Appellants,     *

                                 *   Appeal from the United States

v.                       *   District Court for the

                                 *   Northern District of Iowa.

Lumbermens Mutual Casualty    *

Company, et al.,            *

                                 *

      Defendants - Appellees.    *

———————

Submitted: April 12, 2004
Filed: August 5, 2004

———————

Before LOKEN, Chief Judge, RICHARD S. ARNOLD and FAGG, Circuit Judges.

———————

LOKEN, Chief Judge.

The principal issue presented by this appeal is whether Iowa law imposes tort liability on a workers' compensation insurer for bad-faith failure to monitor and direct the medical treatment being furnished by the employer-insured to an injured employee. Like the district court,[1] we conclude that the insurer's duty in this situation is limited to paying the workers' compensation benefits to which the employee is

———————

[1]The Honorable LINDA R. READE, United States District Judge for the Northern District of Iowa.

entitled. Accordingly, the district court properly instructed the jury, and its judgment entered on the jury's verdict in favor of the insurer must be affirmed.

Tamela Petrillo slipped and fell at work in February 1999. She reported the accident to T.I. Group, her employer. T.I. Group sent her to a physical therapist who treated Petrillo's hip pain for two months and discharged her. T.I. Group also notified its compensation insurer, Lumbermens Mutual Casualty Company. Lumbermens paid for the two months of treatment and closed its file. Petrillo continued working. In November she complained to T.I. Group that her hip pain had returned. T.I. Group sent her back to the therapist and then to a physician, who diagnosed a broken hip. Lumbermens reopened the file and resumed paying benefits.

The physician referred Petrillo to an orthopedic surgeon, who concluded that her hip pain was most likely related to a childhood condition known as Perthes. When notified of this medical opinion, Lumbermens terminated benefits as of March 4, 2000.[2] Petrillo continued her medical treatment, eventually undergoing three hip replacement surgeries and surgery to implant a spinal stimulator. She experienced significant hip deterioration and developed chronic regional pain syndrome. In June 2001, Lumbermens ordered an independent medical examination. When the physician opined that Petrillo suffered from a preexisting hip condition aggravated by the work injury, Lumbermens reinstated workers' compensation benefits and paid Petrillo's medical bills retroactive to March 4, 2000, together with interest.

Petrillo and her family then commenced this diversity action against T.I. Group and Lumbermens, asserting various claims. The district court dismissed all claims

---

[2]Lumbermens terminated benefits because the Iowa workers' compensation law requires employers to pay only for injuries "arising out of and in the course of the employment." IOWA CODE ANN. § 85.3(1). That decision is not an issue on appeal.

against T.I. Group and submitted the bad faith claim against Lumbermens to a jury. Over Petrillo's timely objection, the court instructed the jury that Iowa law imposes a duty on a workers' compensation carrier "to pay for reasonable and necessary medical care" provided an employee for a compensable injury. The jury returned a verdict in favor of Lumbermens. Petrillo appeals, contending that the jury should have been instructed that Lumbermens had a duty to "furnish" as well as "pay for" reasonable and necessary medical care. By limiting Lumbermens's duty to paying for her medical care, Petrillo argues, the court's instruction foreclosed her claim that Lumbermens acted in bad faith by not having her sent to a physician, rather than a physical therapist, between February and November 1999, greatly enhancing her injuries. We review the court's jury instructions for abuse of discretion. "A district court by definition abuses its discretion when it makes an error of law." Computrol, Inc. v. Newtrend, L.P., 203 F.3d 1064, 1070 (8th Cir. 2000).

In Dolan v. Aid Insurance Co., the Supreme Court of Iowa recognized a cause of action in tort against an insurance carrier for bad faith conduct in denying an insured's first-party claim for the "benefits of the policy." 431 N.W.2d 790, 794 (Iowa 1988) (en banc). In Boylan v. American Motorists Insurance Co., the Court extended this doctrine to an employee's claim that a workers' compensation insurance carrier was "guilty of the type of bad-faith conduct for which tort liability was recognized in Dolan." 489 N.W.2d 742, 744 (Iowa 1992). Petrillo bases her bad faith claim on Boylan, which limited an insurer's liability to bad faith denial of "benefits of the policy." Here, Petrillo's employer unilaterally made the decision to send her to a physical therapist after she reported the workplace injury. It is undisputed that the Lumbermens policy reserved to the employer-insured the discretion to choose the medical provider who would provide services for which Lumbermens was obligated to pay. Thus, Petrillo's claim that Lumbermens was guilty of bad faith in not overruling T.I. Group's choice of the appropriate medical provider is not a claim for bad faith denial of "benefits of the policy" within the meaning of Dolan as applied in Boylan.

The Iowa workers' compensation statute provides that "the employer is obliged to furnish reasonable services . . . to treat an injured employee, and has the right to choose the care." IOWA CODE ANN. § 85.27(4). In deciding that an injured employee's bad faith claim is similar to the first-party claim in <u>Dolan</u>, the Supreme Court of Iowa commented in <u>Boylan</u>: "Although the . . . statute speaks only of the obligation of the employer, the commissioner's regulations consign these obligations to the employer's insurance carrier." 489 N.W.2d at 743. Similarly, the Court recently stated that § 85.27 "imposes an affirmative duty on the part of the employer and the workers' compensation carrier to furnish reasonable and necessary medical care to an injured employee." <u>Gibson v. ITT Hartford Ins. Co.</u>, 621 N.W.2d 388, 399 (Iowa 2001).

Petrillo argues that these dicta establish that an employer and its workers' compensation insurer have a joint obligation to furnish reasonable and necessary medical care and therefore a bad faith action will lie if the insurer fails to overrule the employer's choice of an inadequate medical provider. We disagree. Both <u>Boylan</u> and <u>Gibson</u> involved a workers' compensation insurer's alleged failure to pay benefits, not a failure to furnish adequate medical treatment. The regulations cited in <u>Boylan</u> provide only that licensed insurers must designate a knowledgeable local agent "to expedite the handling of all matters," and that the insurer "shall be deemed a party in any action against the insured." IOWA ADMIN. CODE §§ 876-2.3, -4.10. These regulations do not establish that the insurer has a duty to supervise and control an employer exercising its right under § 85.27(4) to choose the medical provider. Petrillo cites no case in which an Iowa court has held a workers' compensation insurer liable for bad faith furnishing of medical care.[3]

_____

[3]The Court of Appeals of Iowa recently quoted a trial court's observation that "[u]p to now, all of the appellate decisions in our state considering bad faith torts in the worker's [sic] compensation context have involved a bad faith failure to pay benefits." <u>Thielen v. Aetna Cas. & Sur. Co.</u>, 662 N.W.2d 370, 2003 WL 118204, at *3 (Iowa App. Jan. 15, 2003) (unpublished).

We conclude that, under Iowa law, no claim for bad faith failure to furnish medical services will lie against a workers' compensation insurer where the employer, consistent with the policy, has exercised its statutory duty "to furnish reasonable services" and its right "to choose the care." We need not consider whether the insurer could be liable in bad faith if the policy delegated the employer's right to choose the care to the insurer, or if the insurer in fact chose the medical provider in a particular case. In such a case, one question would no doubt be whether a bad faith claim would lie for an employee who, like Petrillo, failed to file a petition for alternate care, the statutory remedy in Iowa for an employee who is "dissatisfied with the care offered." IOWA CODE ANN. § 85.27(4).

The judgment of the district court is affirmed.

_____